184 La. 544

## STATE v. WASHINGTON.
### No. 33767.

Supreme Court of Louisiana.
March 2, 1936.

Robert M. McGehee, of Hammond, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Walton E. McBride, of Ruston, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

ROGERS, Justice.

Willie Washington appeals from his conviction and sentence for shooting with intent to kill Will Gunn.

Defendant's complaint, which is set out in five bills of exception, is, that the trial judge erred in refusing to permit the introduction of evidence of alleged prior threats by the prosecuting witness against him.

The ruling of the trial judge, as shown by his statement per curiam, was based on the following facts, viz.:

"The testimony of the witnesses showed that the prosecuting witness, Will Gunn, was sitting on the porch of a storehouse in a chair, leaning back against the wall, when defendant walked up to the edge of the porch and engaged him in a controversy. After some words were passed between them relative to a previous difference between them, defendant drew a pistol from his pocket and shot Gunn seriously, but not fatally, wounding him. Gunn was unarmed and did not, at any time, make any hostile demonstration, nor commit any overt act towards defendant. Defendant testified that Gunn made a move like he was going to shoot him, but several eye witnesses testified that no hostile movement of any nature was made by Gunn."

We find nothing in the testimony set out in the record which refutes the statement of the trial judge.

The statutory law and fixed jurisprudence of this state are that, "in the absence of proof of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible." Code Cr.Proc. art. 482; State v. Brown, 172 La. 121, 133 So. 383; State v. Scarbrock, 176 La. 48, 145 So. 264.

And the proof of such hostile demonstration or overt act must be to the satisfaction of the trial judge, subject to review by this court. State v. Brown, supra; State v. Scarbrock, supra.

As shown by his statement per curiam, the trial judge found that there was no hostile demonstration or overt act on the part of the prosecuting witness. We confirm the finding. Hence, evidence of alleged prior threats by the prosecuting witness against the defendant were inadmissible.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., dissents.